## Cleveland, C., C. & St. L. Ry. Co. v. W. S. Mitchell.

1. DAMAGES—*Measure of Breach of Covenant in a Lease.*—In an action by an assignee of a lease, upon a breach on the part of the lessor of a covenant in the lease, the damages recoverable are as to the value of the leasehold, such as the loss of rental value for all or a part of the term; and damages which result as an immediate consequence of the breach, such as injury to crops, goods, machinery, furniture and the like, together with necessary expenditures of time and money.

2. SAME—*Loss of Profits.*—Loss of probable profits of a business in which the lessee may be engaged, constitutes no part of the recoverable damages in an action upon a covenant of a lease.

**Action to Recover Damages** for a breach of covenant in a lease. Trial in the Circuit Court of Saline County; the Hon. ALONZO K. VICKERS, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the February term, 1899. Reversed and remanded. Opinion filed September 5, 1899.

C. S. CONGER, attorney for appellant.

PARISH & PARISH and CHOISSER, WHITLEY & CHOISSER, attorneys for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action by appellee against appellant, in the Circuit Court of Saline County, to recover damages for breach of covenant in a lease. Trial was by jury. Verdict and judgment in favor of appellee for $700.

This case was before this court at the August term, 1897, and is reported in 74 Ill. App. 602. For fuller particulars as to the facts of the case reference is made to the statement preceding the opinion, as there reported.

Upon the trial in the Circuit Court, the court admitted, over the objection of appellant, the lease in evidence. This, appellant contends, was error. We do not so regard it. This question we fully discussed in the opinion above referred to. It is also urged that the court erred in allowing witnesses on behalf of appellee to give their opinion as to appellee's loss of profits in his business, by reason of the

failure of appellant to perform the covenant in the lease, and that the court gave to the jury, on behalf of appellee, an erroneous instruction as to the measure of damages. We find it more convenient to discuss those two questions together. The evidence complained of is of the following character:

" Q. What would the hotel have been worth provided the trains on the Big Four had stopped there to take their meals at Parker City, as per this contract? (By 'this contract' is meant the stipulation or covenant sued on in the lease.) A. For the five months and twelve days it would have been worth from twelve to fifteen hundred dollars more. That much would have been taken in. Q. What would have been the profits on this twelve or fifteen hundred dollars? A. It would have been from eight hundred to one thousand dollars. Q. What was Mr. Mitchell's hotel worth as a business? A. It was worth very little the way it was. Q. Suppose those two trains had stopped there and taken their meals what would have been the profits during these five months and twelve days? A. He would have made seven or eight hundred dollars more if they had stopped there for meals."

The instruction as to measure of damages is as follows:

" If you find for plaintiff, and that he is entitled to recover damages for the alleged breach of contract, then in fixing the amount of such damages you should allow such direct and immediate damages as the evidence shows the plaintiff has sustained by reason of the alleged violation of said contract. And in fixing the amount of such damages you should allow such an amount as will compensate the plaintiff for all loss of profits or net gain which from the preponderance of the evidence you believe he would have made out of his business as hotel-keeper, had there been no failure to comply with said contract, if from the evidence you find there was such failure to comply, and such loss of profits. Given."

The fourth instruction, given on behalf of appellee also, contains the element of damage "in his business."

This is an action by an assignee of a lease, upon a breach on the part of the lessor, of a covenant in a lease which we have heretofore held is such a covenant as run... with the lease. The damage recoverable .n such case is as to the

value of the leasehold, such as the lessening or loss of rental value for all or a part of the term; and damages that result as an immediate consequence of the breach, such as injury to crops, goods, machinery, furniture and the like, together with any necessary expenditure of time and money. The loss of probable profits of a business that the lessee may be engaged in constitutes no part of the recoverable damages. We are of opinion that the court erred in admitting evidence of the character above referred to, and in giving the instruction complained of.

Appellee's counsel contend that, even if error be found, this case ought not to be reversed. They quote the familiar and true doctrine that where the court is able to see that substantial justice has been done, and that the errors found could not have changed the result, a case will not be reversed. This case was tried on an entirely wrong and untenable theory, and we are wholly unable from this record to determine what would be substantial justice between the parties. There is no evidence as to the rental value of the leasehold in question for the five months and twelve days covered by the breach, nor of any damages that resulted as an immediate consequence of the breach. While we can look through the mixed mass of facts and opinions constituting the evidence in this case, and see that appellee has probably sustained some recoverable damage, yet all that he has really attempted to prove is speculative and too remote.

The judgment of the Circuit Court is reversed and the cause remanded.